KELLY, Judge,
Concurring in result.
I concur in result because I believe this court’s precedent, and particularly Williams, requires me to do so. Whether Waiters was entitled to be sentenced under section 921.1402 hinges on what the Florida Supreme Court meant in Horsley when it stated the new statute applies to “all juvenile offenders whose sentences are unconstitutional under Miller.” Horsley, 160 So.3d at 395 (emphasis added). As have others, this court has adopted a literal view of what it means for a sentence to be unconstitutional under Miller (prohibiting sentencing schemes that mandate life in prison without possibility of parole for juvenile offenders convicted of murder) or Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (invalidating life without parole sentences for juveniles convicted of nonhomicide offenses). See, e.g., Williams, 197 So.3d at 572. However, the Florida Supreme Court has emphasized that it has “consistently followed the spirit of Graham and Miller rather than a narrow, literal interpretation.” Atwell v. State, 197 So.3d 1040, 1046 (Fla.2016), reh’g denied, No. SC14-193, 2016 WL 4440673 (Fla. Aug. 23, 2016). It again made this point recently in Atwell where it stated, “[ijt is thus evident from our ease law that this Court has—and must—look beyond the exact sentence denominated as unconstitutional by the Supreme Court and examine the practical implications of the juvenile’s sentence, in the spirit of the Supreme Court’s juvenile sentencing jurisprudence.” Id. at 1047. In rejecting the *211 notion that a life sentence under Graham meant only a sentence denominated as life in prison, the supreme court in Henry v. State, 175 So.3d 675 (Fla.2015), stated,
In light of the United States Supreme Court’s long-held and consistent view that juveniles are different—with respect to prison sentences that are lawfully imposable on adults convicted for the same criminal offenses—we conclude that, when tried as an adult, the specific sentence that a juvenile nonhomicide offender receives for committing a given offense is not dispositive as to whether the prohibition against cruel and unusual punishment is implicated.
Id. at 680.
The supreme court’s focus has been on the need for individualized sentencing procedures for juveniles—procedures different from those used for adults—as well as the need for a subsequent review mechanism that provides juveniles with a meaningful opportunity for release. See id.; see also Landrum, 192 So.3d at 468-69; Henry, 175 So.3d at 680; Horsley, 160 So.3d at 406.
I acknowledge that the supreme court has not held that a juvenile homicide offender who is sentenced to a lengthy term of years, without an individualized sentencing hearing and without an opportunity for subsequent review, is serving a sentence that is unconstitutional under Miller. However, given its emphasis on the necessity for these procedures—as opposed to a focus on the actual sentence imposed—I would reverse the denial of Waiters’ motion and remand for resentencing under the new statutory scheme.